UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 7, 2015

LETTER TO COUNSEL

RE:   *Demetrius Nicole Hill v. Commissioner, Social Security Administration*;
      Civil No. SAG-14-1834

Dear Counsel:

On June 9, 2014, Plaintiff Demetrius Nicole Hill petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Hill's reply. (ECF Nos. 15, 18, 22). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

Ms. Hill filed her claims for benefits on March 24, 2011, alleging a disability onset date of September 25, 2009. (Tr. 160-75). Her claims were denied initially and on reconsideration. (Tr. 68-107). A hearing was held on February 13, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 43-67). Following the hearing, the ALJ determined that Ms. Hill was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-36). The Appeals Council ("AC") denied Ms. Hill's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Hill suffered from the severe impairments of migraine, depression, anxiety, and panic disorder. (Tr. 21). Despite these impairments, the ALJ determined that Ms. Hill retained the residual functional capacity ("RFC") to:

> work at all exertional levels with no climbing of ladders, ropes, or scaffolds; up to moderate exposure to noises as defined by the Dictionary of Occupational Titles; no requirement to work in an environment with lights brighter than a typical office setting; up to occasional exposure to heights and hazards; and no more than simple, routine, unskilled work with occasional interaction with the public, coworkers, and supervisors.

*Demetrius Nicole Hill v. Commissioner, Social Security Administration*
Civil No. SAG-14-1834
August 7, 2015
Page 2

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Hill could perform jobs existing in significant numbers in the national economy, and that, therefore, she was not disabled. (Tr. 29-30).

Ms. Hill raises three primary arguments on appeal: (1) that the ALJ deprived Ms. Hill of a full and fair hearing; (2) that the ALJ misapplied the special technique for evaluation of mental impairments; and (3) that the ALJ erred in the assignment of weight to medical opinions. Each argument lacks merit, and is addressed below.

First, Ms. Hill suggests that the ALJ abused his discretion, thereby depriving her of a full and fair hearing. Pl. Mot. 7-15. Specifically, Ms. Hill objects to the ALJ's efforts to cut off counsel's examination of Ms. Hill, the ALJ's efforts to dissuade counsel from calling Ms. Hill's mother as a witness, and the ALJ's statements during cross-examination of the VE. A reading of the transcript readily evidences the fact that the ALJ was trying to complete the hearing as quickly as possible, which is clearly not the best practice. However, an ALJ is forced to strike a balance between allowing unfettered development of each record by counsel and ensuring that all of the scheduled hearings take place within the allotted time. In Ms. Hill's case, her counsel acquiesced to the ALJ's efforts to speed the hearing along and did not make any record or indication that there was additional evidence that counsel wanted to present. *See, e.g.,* (Tr. 60) ("Your Honor, I'll move on."); (Tr. 61) ("Your Honor, I don't think we need to bring Ms. Culbreath in today."). Although it may be true that counsel would have presented additional testimony or evidence had the ALJ not expressed a preference for expediting the hearing, the record does not demonstrate a deprivation of a "full and fair hearing," or any prejudice to Ms. Hill's case. Moreover, given counsel's acquiescence to the ALJ's preferences, the ALJ cannot be said to have exercised "discretion" in restricting counsel from presenting evidence he wanted to present. Accordingly, I find no "abuse of discretion."[1]

Beginning with the application of the special technique, the ALJ's discussion is adequate. The required "special technique" for evaluating mental impairments is set forth in 20 C.F.R. §§ 404.1520a, 416.920a. *See Rabbers v. Comm'r of the Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009); *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citing *Schmidt v. Astrue*, 496 F.3d 833, 844 n. 4 (7th Cir. 2007)). The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* §§ 404.1520a(b)(2), 404.1520a(c), 416.920a(b)(2), 416.920a(c). The ALJ is required to document the application of the special technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and

---

[1] Ms. Hill's attorney also refers to the fact that the ALJ initially believed Ms. Hill to be a man, suggesting that the mistake evidences the ALJ's "lack of familiarity with the record." Pl. Mot. 11 n.6. No such inference can be drawn in this case, considering that similar misidentifications of Ms. Hill's gender occur throughout the various records in the file. *See, e.g.,* (Tr. 107) ("He can return to his prior work as a truckload checker with [A]bacus [S]ecurity"); (Tr. 436) ("Ms. Hill is a 36-year-old male"); (Tr. 666) ("Unclear story about request from his attorney and that Xanax does not help that he needs clonepin.").

*Demetrius Nicole Hill v. Commissioner, Social Security Administration*
Civil No. SAG-14-1834
August 7, 2015
Page 3

functional limitations that were considered. *Id.* §§ 404.1520a(e)(4), 416.920a(e)(4). A Social Security Policy Interpretation Ruling concerning how a claimant's RFC is assessed in initial claims explains that the ALJ's narrative should discuss a claimant's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, as well as the maximum amount of each activity the claimant can perform based on the evidence in the record. SSR 96–8P, 1996 WL 374184, at *7 (July 2, 1996).

In this case, the ALJ evaluated each of the appropriate functional areas and provided some discussion explaining the conclusion in each functional area. (Tr. 22-23). The ALJ's analysis cites both to testimony and reports from Ms. Hill and to the medical evidence of record. *Id.* I cannot conclude that the ALJ improperly analyzed the evidence in any functional area, and I am able to ascertain the substantial evidentiary basis for each conclusion. Accordingly, I do not find the ALJ's application of the special technique to be deficient, despite the existence of other evidence that could potentially be marshaled to reach a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (determining that even if there is other evidence to support a claimant's position, the Court is not permitted to reweigh the evidence or to substitute its judgment for that of the ALJ).

Finally, Ms. Hill contests the assignments of weight to various medical opinions. Pl. Mot. 22-29. She contends that the ALJ should not have afforded the most weight to the State agency physicians, who reviewed the file in June and September of 2011, as compared to her treating physicians. *Id.* With respect to the State agency physicians, the ALJ specifically found that Ms. Hill "is somewhat more limited than the State Agency concluded," but agreed that she "does not have 'marked' limitations." (Tr. 22). That determination evidences careful consideration of the evidence from all sources rather than simple blind adherence to the positions taken by the State agency physicians. Moreover, it is clear that the State agency physicians considered all of the mental health records existing as of the date of their opinions, including treatment notes from Dr. Rizvi, before rendering their conclusions that Ms. Hill was not disabled from a mental health perspective. (Tr. 78-79, 100-01). Their conclusions thus bolster the ALJ's determination that Dr. Rizvi's subsequent opinion is contradicted by his treatment notes suggesting far milder symptoms.

The ALJ also properly considered the relatively small number of treatment sessions conducted by Drs. Rizvi and Webber prior to the issuance of their opinions. (Tr. 26). The ALJ further determined that the opinions "are excessive in light of the claimant's mental health treatment history and progress notes." (Tr. 26). In support of that determination, the ALJ cited the fact that Ms. Hill was treated with essentially the same medications for her mental health conditions over many years and that the notes from her mental status examinations show few abnormalities. (Tr. 26-27). Finally, the ALJ referenced Ms. Hill's activities of daily living from her report in April 2011. (Tr. 27). While it is true that Ms. Hill reported more pronounced restriction in her activities of daily living at later dates, the earlier records remain relevant to a consideration of her ability to sustain substantial gainful employment during the relevant time frame.

*Demetrius Nicole Hill v. Commissioner, Social Security Administration*
Civil No. SAG-14-1834
August 7, 2015
Page 4

Ms. Hill contends that the ALJ should either have recontacted her treating physicians for "clarification of the lack of treatment notes" or should have ordered a consultative psychiatric examination. However, there is no requirement that the ALJ take either step unless the basis of a physician's opinion is unclear or there is insufficient medical evidence in the file on which a determination can be based. *See* SSR 96-5p (Requirements for Recontacting Treating Sources); 20 C.F.R. § 404.1519a(a). Neither situation presented itself here. The existing treatment notes demonstrated relatively few treatment sessions and only mild to moderate issues reflected at those treatment sessions. The ALJ properly relied on that evidence in assigning weight to the more severe opinions presented by the treating physicians. Remand is thus not warranted.

For the reasons set forth herein, Ms. Hill's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED. The Commissioner's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge